JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-02786-RGK (JEMx) | Date | May 16, 2013 |
|---|---|---|---|
| Title | ***TERNAZ BUTLER v. TIME WARNER CABLE, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams (Not Present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Remanding Action to State Court**

On March 20, 2013, Ternaz Butler, on behalf of herself and all others similarly situated ("Plaintiff"), filed a class action against Time Warner Cable, Inc. ("Defendant"). In her Complaint, Plaintiff asserts state claims for violations of the California Labor Code and California Business and Professions Code.

On April 19, 2013, Defendant removed the action to this Court alleging diversity of citizenship under the Class Action Fairness Act. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Here, Defendant adequately shows the diversity of citizenship requirement. However, Defendant attempts to show that the amount in controversy exceeds $5,000,000 but does not succeed, as it relies on significant assumptions unsupported by facts. Specifically, Defendant assumes that Plaintiff and all class members worked 2 hours of overtime each day to calculate damages for Plaintiff's daily and weekly overtime claims. In its calculations, Defendant also assumes that rest and meal breaks were denied 5 days per week. While not entirely clear, Defendant appears to incorporate these overtime and rest/meal break amounts to determine the value of Plaintiff's waiting time claim as well. Defendant's calculations are unconvincing because it has provided no facts to support its assertions regarding Plaintiff's overtime and breaks. Therefore, Defendant relies solely on assumptions. Equally valid assumptions could be

made that result in damages less than $5,000,000. For example, if Plaintiff and the class members worked 1 hour of overtime each day, and was denied 4 days of rest and meal breaks per week, even with a 33% attorneys' fees rate, the amount in controversy would be, at most, $4,778,544.32. Without any evidence supporting Defendant's assumptions, the Court finds that Defendant simply fails to satisfy its burden to show that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer